## In re The United Sportswear Workers' Union

*A. D. Bavolack,* for applicant.

*J. J. Curran,* for exceptant.

HICKS, P. J., January 18, 1937.—On October 16, 1936, articles of incorporation, with the certificate from the Department of State relating to the registration of the proposed corporate name, were filed in the prothonotary's office. Notice of application for the charter was given by

advertisement, November 9, 1936, being fixed as the date of presentation to this court.

On November 7, 1936, the following written objections were filed to the granting of such incorporation:

1. The articles for the proposed corporation do not contain a precise and accurate statement of the purposes for which it is to be formed, as required by paragraph 3 of section 203 of the Nonprofit Corporation Law of May 5, 1933, P. L. 289.

2. The statement filed does not give information stating particularly the character of the intended social enjoyments, and how they are to be conducted.

3. The articles fail to set forth "that it is a corporation which does not contemplate pecuniary gain or profit, incidental or otherwise, to its members", as required by paragraph 3 of section 203 of the act.

4. The statement fails to set forth that at least three of the applicants who signed and acknowledged it are citizens of the United States.

5. The statement filed is not in proper form, containing more than one page tacked together: the application for charter should be written upon one sheet of paper or parchment and not on several sheets tacked or pinned together.

6. The statement filed does not show the necessity for the incorporation of the organization set forth.

This matter was submitted to us without oral argument but upon written brief. The Nonprofit Corporation Law of May 5, 1933, supra, sec. 207, provides:

"If the court shall find the articles to be in proper form and within the provisions of this act, and the purpose or purposes given in the articles to be lawful and not injurious to the community, the court shall so certify" and grant the decree.

The articles of incorporation do not conform to the requirements of paragraph 3 of section 203 of the act, in that "A precise and accurate statement of the purpose or purposes for which it is to be formed, and that it is a

corporation which does not contemplate pecuniary gain or profit, incidental or otherwise, to its members", are not contained therein. This paragraph requires a precise and accurate statement of the purpose or purposes. Section 201 provides that a nonprofit corporation may be formed for any purpose or purposes which are lawful and not injurious to the community, instead of enumerating the specific purposes as did the Corporation Law of April 29, 1874, P. L. 73. Hence the great importance of setting forth very definitely and clearly the purposes in the articles of incorporation is quite obvious.

The application states the purpose: "To promote the civic, educational, social, and economic advancement of its members, by meeting and discussing ways and means to further the same . . ."; this is a vague statement, certainly very general, and is not precise or accurate. Just what is intended one cannot exactly know. The incorporators and associates propose to meet and discuss ways and means to further the civic, educational, social, and economic advancement of the members. What is this advancement, characterized as civic, educational, social, and economic, and what ways and means are within contemplation? It may or may not be inimical to the general good of society or our form of government. And nowhere does the necessary statement appear that the corporation does not contemplate pecuniary gain or profit, incidental or otherwise, to its members.

Unfortunately, we do not have before us any evidence disclosing the propriety and necessity for the incorporation of the applicants, and cannot pass, therefore, upon the merits. The application sets forth that there is no capital stock, but it fails to show how the corporate existence is to be financially supported.

We sustain the first, second, and third objections to the grant of the decree of incorporation because of failure to comply, in the particulars noted, to the requirements of section 203 of the Nonprofit Corporation Law.

And now, January, 18, 1937, the application is refused without prejudice.

From G. Harold Watkins, Frackville.